Peck, J.
It seems to be conceded in the argument, that the plaintiff instituted proceedings under the statute, then in force (Swan’s R. S. of 1854, 676, 677), to establish his right to the property replevied in this action, which had been seized and was then held by the defendant, as sheriff of Brown county, as the property of the plaintiff’s father, to satisfy an execution issued out of the court of common pleas of said county against said father, and that the proceedings in said trial of the right of property, up to and including the execution of the undertaking by the plaintiff in execution, and the tender thereof by the defendant as sheriff, before the commencement of the action in replevin, were all in strict accordance with the statute (Swan’s R. S., secs. 426, 427 and 428); and such, without any concession, would have been our conclusion from the averments of the amended answer, in connection with the provisions of the statute. The plaintiff, if he did not originate the proceeding, was at least present, and participated in the trial without protestation, and thereby sanctioned and adopted it; and the averments of the answer also show, that the subsequent proceedings therein, including the form, amount and .condition of the undertaking, and its tender to the claimant, were in strict conformity to the statute.
The question therefore arises as to the legal effect of such an undertaking, as between the claimant and the sheriff, when delivered or tendered to the claimant within the period prescribed in the statute.
Section 428 of the code providing for such undertaking and declaring its effect, reads as follows:
“ If the jury shall find the property or any part thereof to be in the claimant, and the plaintiff in execution shall, at any time within three days after such trial, tender to the sheriff or'other officer having such property in his custody on execution, an undertaking with good and sufficient sureties, payable to such claimant, in double the amount of the value of such property as assessed by the jury, to the effect that they *109 will pay all damages sustained by reason of the detention or sale of such property, then the sheriff or other officer shaL deliver said undertaking to claimant and proceed to sell such property, as if no such trial of the right of property had taken place, and shall not be liable to the claimant therefor.”
This section is a transcript of the act of February 8, 1847 (2 Curwen’s R. S. 1352), to amend the “ act regulating judgments.and executions,” passed March 1, 1831. 1
This section makes it the duty of the sheriff to “ sell the property as if no such trial had taken place; ” and were this all, the owner would not, perhaps, be precluded from suing the sheriff in trespass, trover, or replevin, as all these remedies remained to him at common law; but the statute further enacts, that he “ shall not be liable to the claimant therefor: ” that is, as we understand it, he shall not be liable to the claimant for the property, and not for the mere act of selling.
The statute is clear and unambiguous. It peremptorily requires the officer to sell, irrespective of the verdict and judgment before the justice, and exempts him from responsibility to the claimant. It also confers upon the plaintiff in execution, the right to require such sale to proceed, he and his sureties having become responsible for all damages, and it will not do to hold that the property is thereafter subject to seizure by the claimant while remaining in the hands of the officer, charged with the duty of selling it for the benefit of the plaintiff in execution. After verdict and judgment in favor of the claimant in this summary proceeding, the property, before the code, might have been re-seized by the plaintiff in execution. Armstrong v. Harvey, 11 Ohio St. Rep. 532; B'Hymer v. Sargent, Ib. 685; Patty v. Mansfield, 8 Ohio Rep. 371. If, therefore, the statute is to have any beneficial operation for the plaintiff in execution, in return for the undertaking he is required to execute and deliver, it must confer the right to have the sale proceed, leaving his responsibilities to be thereafter adjusted.
It may be said that the object of the replevy is merely to take the property out of the hands of the officer, and imposes no liability upon him in favor of the claimant; but this is by *110 no means true. If subject to the action, he is not 'only bound to surrender the property in compliance with the order, but also, to answer in damages for its detention, from the time of seizure to its re-delivery; which, in many cases, as where the property is of a perishable nature or is seized during a falling market, may be of very serious import to him. Beside, how is the sheriff to excuse himself to the plaintiff in execution, who is not concluded by the proceeding before the justice, for a surrender of the property and a fail ure to sell as the statute expressly enjoins ?
A majority of the court is clearly of the opinion, where the proceeding to try the right to property, taken in execution originated with the claimant, and an undertaking, with sureties, has been given by the plaintiff in execution and delivered or tendered to the claimant in conformity with section 428 of the code, that such property can not, thereafter, be replevied by the claimant from the officer, while it remains in his hand, under said execution.
It may be proper, in this connection, to remark that some of the judges, concurring in this decision, also hold that the same result would follow, if the proceeding had been instituted by the officer, for his own protection, without the assent, and contrary to the wish of the person asserting a right to the property seized; while the others insist, that the claim, alluded to in the statute, is not the mere assertion of a right to the property, but a claim to have the summary investigation, authorized by the act, instituted in his behalf. The first, asserting that “ the protection of the officer, who should make a mistake in the discharge of his duty,” which in Patty v. Mansfield, supra, is said to have been “ the principal object ” of the statute, can not be effectually attained without giving to the officer the right to institute the proceeding in invitum as to the claimant; while the others insist, that the latter construction obviates the grave constitutional objection, presently to be noticed, consists well with the terms of the act, which contemplate early and affirmative action by the claimant, and do not give the officer any option to abstain from instituting the proceeding, and at the same time is supported *111 by the same case of Patty v. Mansfield, and the judicial and legislative sanction that case has received for the last twenty-three years.
The questions — whether section 428 of the code, enacted since the Patty case was decided, works any change as to the meaning of the term “ claim,” and if not, whether that meaning is still properly open for judicial correction — are purposely left undecided, because the present case falls within thejnore restricto d construction, being a proceeding instituted by the claimant.
In answer to the argument, that the statute, thus construed, is an infringement of the constitutional rights of the claimant, secured to him by sections 5, 16 and 19 of article 1 of the constitution of Ohio, we have merely to observe, as was said in Armstrong v. Harvey, and in Patty v. Mansfield, supra, that the claimant having, in this instance, voluntarily availed himself of the statutory remedy, instead of resorting, as he might have done, to the remedies left open to him by the common law, must be regarded as having elected to take this peculiar remedy with all its statutory incidents, and can not now,so far, at least, as the sheriff is concerned, complain of its infringement of his constitutional rights.
The alleged error arising out of a refusal by the court to permit testimony of the plaintiff’s right of property in the horses to go to the jury, has not been argued before us. It was an attempt to raise before the jury the question already disposed of upon the demurrer. The question upon the inquisition was the damages sustained by the sheriff by reason of taking the property from him wrongfully, and that was, under the circumstances, limited by the amount due upon the execution, and was not affected by a right of property in the plaintiff.
The jury in the district court found the value of the property to be $240, and the court rendered a judgment for that sum, in favor of the defendant. No exception was taken to this verdict, nor is it now specially assigned as error. The sheriff was entitled to no greater sum, as damages, than the amount due upon the execution in his hands. The evidence before *112 the jury as to the amount due upon the execution, is not stated in the bill of exceptions, nor is it to be gathered from the aménded answer, and it is, therefore, but a reasonable intendment in support of the’verdict and judgment, that the amount due upon the execution, exceeded the value of the property as found by the jury.
The question whether the execution and delivery by the plaintiff in execution, of an undertaking under section 428 of the code, and its acceptance or its refusal by the claimant, will prevent a recovery by such claimant of the property or its value from a purchaser at the sheriff’s sale, is one of much interest it is true, but is not necessarily involved in the present case, and is, therefore, left open for future consideration and decision.
Judgment affirmed.
Scott, C.J., and Gholson and Brinkerhoee, J J., concurred.